IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE TURNER, #181117, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 1:12cv632-WHA |
| | ) | (WO) |
| J. C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

In this 28 U.S.C. § 2254 action, petitioner Terrance Turner ("Turner"), a state inmate, seeks habeas relief from a sentence of imprisonment imposed on him by the Circuit Court of Houston County, Alabama in 2006. The case is pending on the claims presented in the amended petition. (Doc. # 5). Turner argues that he is actually innocent of felony sexual abuse pursuant to ALA CODE § 13A-6-67(b) because he had not previously been convicted of a sexual offense within a year of committing this offense. According to Turner, he only *admitted* to committing a sexual offense within twelve (12) months of the act of sexual abuse for which he was convicted, but he was not *convicted* of committing another sexual offense.[1] Turner asserts that his claim is based on his belief that *only* a conviction for a prior sexual offense can serve to enhance the offense of second degree sexual abuse to a Class C felony.

[1] "Sexual abuse in second degree is a Class A misdemeanor, except if a person commits a second or subsequent offense of sexual abuse in the second degree within one year of another sexual offense, the offense is a Class C felony." ALA. CODE § 13A-6-67(b).

## PROCEDURAL HISTORY

On March 6, 2006, Turner entered a guilty plea to second degree sexual abuse, a plea premised on an agreement with the State to dismiss one indicted count of second degree rape and reduce the other indicted count of second degree rape to felony second degree sexual abuse. During his guilty plea to the reduced charge of felony sexual abuse, Turner acknowledged the agreement as well as the facts as stated by the State.

THE COURT: Mr. Turner, you are here in cases CC-04-621 – now, that case is being dismissed on motion of the State – case 622, which is being reduced from rape second degree to sexual abuse in the second degree is a Class C felony, . . . Now, those – all of those cases are normally punishable by a year and a day up to 10 years and a fine of up to $5,000. But as I understand, you have three prior felony convictions, which carry, under the Habitual Offender Act on these cases, a minimum of 15 years to 99 years or life and a fine of up to $20,000. Do you understand the range of punishment?

THE DEFENDANT: Yes sir.

* * *

THE COURT: Based on what you have told me here today, I find that your offer to plea guilty is willingly, knowingly, and intelligently made, and I will accept your pleas if the offer given. . . . Mr. Binford, could you give me the recitation of facts giving rise to the indictments in these cases as amended?

* * *

MR. BINFORD: . . . In State's case number CC-04-622, the State's evidence would be that between November 1st, 2003 and November 26th of 2003, this defendant had sexual contact with Elizabeth Terry whose date of birth was XXXXX. The State's evidence here in Houston County, Alabama, also. And the State's evidence would be that, within 12 months

before that incident with the victim, Ms. Terry, that the defendant had also previously had an encounter of some sexual contact with Ms. Terry. And again, that offense took place in Houston County, Alabama.

THE COURT: Based upon the recitations of facts, I find there are foundations for the indictments in these cases and – as amended. And have you and Mr. Bullard gone over the indictments, and do you understand what you are charged with?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: To the indictments in these cases as amended, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

* * *

THE COURT: What are the State's recommendations, Mr. Binford?

MR. BINFORD: Judge, we recommend 15 years in each case to run concurrently. We recommend a $1,500 fine in each case and 750 Victim's comp on each case and a $2,000 mandatory drug assessment.

THE COURT: And is that the recommendation as you understood it would be, Mr. Turner?

THE DEFENDANT: Yes, sir.

(Doc. # 25, Ex. 1 at 3-4, 5-6, 8, 9-10).

Turner was sentenced to concurrent terms of fifteen years' imprisonment.[2] Turner did

---

[2] Turner pled guilty to other counts of possession of controlled substances and receiving stolen property. These convictions are not challenged in this petition.

not appeal. He filed an ALA. R. CRIM. P. 32 post-conviction petition for relief from conviction on March 30, 2011.[3] (Doc. # 14, Ex. 1 at 5-12). He subsequently amended his Rule 32 petition. (*Id*. at 13-15). The trial court dismissed the petition on May 3, 2011. (*Id*. at 23) Another motion to amend was denied. (*Id*. at 31). Turner appealed. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition in a memorandum opinion. (Doc. # 14, Ex. 2). Turner filed a petition for writ of certiorari in the Alabama Supreme Court. That court denied the petition, and the certificate of judgment was entered on November 10, 2011. (Doc. # 14, Ex. 3).

The respondents argue, among other things, that Turner's § 2254 petition is time-barred under the federal limitation period in 28 U.S.C. § 2244(d). (Doc. # 14.) After careful review of the pleadings, evidentiary materials, and applicable law, the court concludes no evidentiary hearing is required and that Turner's petition should be denied as untimely.

**DISCUSSION**

Turner filed this 28 U.S.C. § 2254 petition for habeas relief on July 10, 2012.[4] The

---

[3] The Rule 32 petition establishes that Turner submitted the petition to prison officials for mailing on March 30, 2011. (Doc. # 14, Ex. 1 at 12). A pro se inmate's petition is deemed filed in federal cases on the date it is delivered to prison officials for mailing. *See Houston v. Luck*, 487 U.S. 266, 271-72 (1988). "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in state courts of Alabama, and March 30, 2011 is therefore the appropriate filing date for Turner's Rule 32 petition.

[4] Turner signed his petition on July 10, 2012. Accordingly, the court will consider that date as the filing date.

respondents filed an answer in which they argue that Turner's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[5] Specifically, the respondents contend that because Turner's second degree sexual abuse conviction became final in 2006, Turner must have filed his § 2254 petition within one year of the conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. Turner concedes that he failed to file this action within the requisite period of time, but asserts that he can "establish [a]ctual innocense, and thus, the one-year limitation period should be excused." (Doc. # 5 at 2).

The Circuit Court of Houston County convicted Turner of second degree sexual abuse on March 6, 2006, and sentenced him on that date. Turner did not appeal. Thus, his conviction became final on April 17, 2006.[6] Thus, the one-year limitation period contained in section 2244(d)(1)(A) began to run on April 17, 2006. The federal limitation period ran without interruption until its expiration on April 17, 2007.[7] Thus, the respondents are correct; the

---

[5] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

[6] By operation of law, Turner's conviction became final on April 17, 2006 – forty-two (42) days after his March 6, 2006 conviction and sentencing. *See* ALA.R.APP.P. 4(b)(1). *See also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time from seeking such review.")

[7] The respondents acknowledge that on March 30, 2011, Turner filed a state post-conviction petition under ALA. R. CRIM. P. 32. However, this Rule 32 petition failed to toll the one-year period of limitation because it was not filed within the limitation period required by state law, and therefore, was not "properly filed" for the purpose of tolling the federal limitation period. *See* 28 U.S.C. § 2244(d)(2). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz* [*v. Bennett*, 531

one-year period of limitation established in 28 U.S.C. § 2244(d)(1) expired over five years before Turner filed his 28 U.S.C. § 2254 petition with this court on July 10, 2012.

Turner concedes that his 2254 petition was filed beyond the one-year limitation period. *See* Doc. # 8 at 4. However, Turner asserts that he is entitled to equitable tolling of the federal limitation period because he is actually innocent of the crime of which he was convicted. After the respondents filed their answer and supplemental answers (docs. # 14, 18 & 25) contending that Turner's claims should not be considered by the court because his petition was untimely,[8] the court afforded Turner an opportunity to show cause why his petition should not be dismissed on that ground. (Doc. # 11). Although Turner filed responses to the respondents' answer and supplemental answers that reiterate his substantive claims, he did not file a response to the court's order regarding the limitations issue. *See* Docs. # 21 & 23.

Turner rests on his assertion that he is "[a]ctual [i]innocent of the [i]llegal [e]nhancements from a Class 'A' Misdemeanor to a Class 'C' Felony." (Doc. # 5 at 2-3; Doc.

---

U.S. 4 (2000)], which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' . . . For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral motion deemed "not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.")

In addition, the state post-conviction petition could not toll the federal limitation period because the one year period expired prior to the filing of the Rule 32 petition. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

[8] The respondents also contend that Turner's claims are procedurally defaulted. Because the court concludes that Turner's petition is untimely and that this untimeliness is not excused by equitable tolling or a showing of actual innocence, discussion of the default is not necessary.

# 21 at 3; Doc. # 23 at 1). The court now turns to Turner's claim of actual innocence.[9]

In *McQuiggin v. Perkins*, — U.S. —, —, 133 S.Ct. 1924, 1928 (2013), the Court concluded that a proper showing of "actual innocence" is sufficient to circumvent AEDPA's limitations period. Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are barred. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). In other words, actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass whether the impediment to consideration of the merits of a constitutional claim is a procedural bar or the expiration of AEDPA's limitations period. To demonstrate his actual innocence, Turner must present new reliable evidence that was not presented at trial and must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012).

Turner asserts that he is actually innocent of a Class C felony because he was not

---

[9] The court notes that the limitation period in 28 U.S.C. § 2244(d)(1) "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). The AEDPA's one-year period of limitation is subject to equitable tolling but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. In this case, Turner makes no argument that equitable tolling applies, and there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

convicted of a second sexual offense within twelve months of the sexual abuse act to which he plead guilty. According to Turner, because the State dismissed the first charge, he had only one conviction and thus, his sentence could not be enhanced. Turner's argument is unavailing, and the court concludes that he fails to make the requisite showing of actual innocence as he has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists which could satisfy the stringent standard set forth in *Schlup*. The "evidence" which Turner identifies is not new at all because all of it was available to him at the time he entered his guilty plea. In fact, during the guilty plea colloquy, Turner acknowledged that as part of his agreement, one charge would be dismissed, but based on his two contacts with the victim within a one-month period, he was pleading guilty to a Class C felony and he expected to be sentenced to fifteen years. (Doc. # 25, Ex. 1).

Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired well before Turner filed his federal habeas petition. Because Turner did not file in this court until July 10, 2012, his petition is time-barred and this court may not address his claims on the merits. The court further concludes that the petitioner has failed to demonstrate actual innocence sufficient to excuse his failure to file within the statutory period.

**CONCLUSION**

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before March 25, 2015**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of March, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE